## Shaeffer *versus* Clendenin.

1. The relation of co-sureties is one of mutual trust and confidence, and they are entitled to participate equally in any indemnity which either of them may obtain from the principal, directly or indirectly.

2. A. & B., accommodation indorsers of a promissory note, each paid one-half the balance due the discounting bank on the same. At the request of C. (the maker), his wife assigned part of a certain judgment which she held against C., to B. for his individual indemnity, C. joining in the assignment. In a suit by A. against B. to recover one-half the sum realized by B. on this judgment, *Held,* that, under the circumstances, the assigned judgment constituted an indemnity furnished to B., one surety, by the principal, and that A., the co-surety, was entitled to share equally in it.

May 11th 1882.　　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Cumberland county:* Of July Term 1882, No. 48.

Assumpsit, by William Shaeffer against James Clendenin, both indorsers of a certain promissory note, to recover one-half the proceeds of a judgment assigned to the defendant by the maker of said note and his wife, in right of the wife.

On the trial, before HERMAN, P. J., the following facts appeared : Shaeffer and Clendenin were accommodation indorsers of a promissory note for $1,010.78, drawn by Ephraim Cornman, and discounted at the Farmers' Bank, March 21st 1876. The note was subsequently reduced by Cornman to $524.30 and the indorsers each paid the bank one-half of this balance. Ephraim Cornman's wife held a judgment against him for $1,700 and at his request she executed an assignment, in which he joined, transferring $1,200 of this judgment to Clendenin. In the distribution of Cornman's estate—he having become insolvent— Clendenin was awarded $247.75 on the assigned judgment, and Shaeffer brought suit against him to recover one-half of this sum as his co-surety.

Clendenin claimed that the judgment was assigned by Mrs. Cornman to indemnify him alone, and that he was entitled to the entire proceeds, which were insufficient to reimburse him. Shaeffer, while denying that the judgment was assigned for Clendenin's security only, claimed that, even if that were the case, he was entitled to share in the proceeds ; and he accordingly submitted the following point: " On the admissions of the defendant in this case while on the witness stand the plaintiff is entitled to a verdict for one-half of the amount received by him out of the proceeds of the judgment which he took as an indemnity."

The jury were directed, by the court, to render a verdict for

the plaintiff, and to find specially whether the assignment was made for Clendenin's individual benefit or for both sureties. The jury found that it was for Clendenin's security only.

The court subsequently entered judgment for the defendant *non obstante veredicto.* Whereupon Shaeffer took this writ assigning for error the action of the court in entering said judgment.

*S. Hepburn, Jr.,* for plaintiff in error.—The liability of the co-sureties to share equally in any indemnity grows out of their relation as co-sureties and does not rest on contract: Theobald Pr. and Sur. 226. A distinction between indemnity furnished by the principal out of his own property and that obtained by means of his influence cannot be maintained: Agnew *v.* Bell, 4 Watts 34; Low *v.* Smart, 5 N. H. 353; Wells *v.* Miller, 66 N. Y. 255; Brandt Sur. 314. The indemnity to Clendenin did not come to him from a source entirely independent of the principal debtor. Cornman induced his wife to transfer the judgment, and he joined in the assignment. His interest in his wife's property and ability to control it represented property in him; and the assignment to Clendenin therefore exhausted the power and credit of the principal to the injury of a co-surety.

*W. F. Sadler* (with him *John Cornman*), for defendant in error.—One co-surety has the absolute right to participate in a collateral security given to another only when the indemnity comes from the principal debtor: Dering *v.* Earl of Winchelsea, 1 White's Lead. Cas. Eq. (15th Ed.) 106; Price *v.* Trusdell, 28 N. J. Eq. 204; Cornwell's Appeal, 7 W. & S. 305; Kramer's Appeal, 37 Pa. St. 71; Guild *v.* Butler, 127 Mass. 386; Agnew *v.* Bell, 4 W. 34. Such was not the fact in this case; the bank required two indorsers and Mrs. Cornman not wishing to act as one of them herself procured Clendenin's indorsement and indemnified him. Mrs. Cornman had a legal right to use her property and credit in this way—Clendenin merely acted as her substitute on the note. Shaeffer has no equity which this indemnity to Clendenin disturbs; nor was it Cornman's credit which obtained Clendenin's signature, since the inducement came entirely from his wife and was based upon her funds.

Mr. Justice STERRETT delivered the opinion of the court October 4th 1882.

The parties to this suit were accommodation indorsers of a note made by Ephraim Cornman for $1,010.78. After it had been reduced by him to $524.30, they contributed equally to the

payment of that balance and lifted the note. About the time it was indorsed, Mrs. Cornman, wife of the maker, united with her husband in assigning to the defendant Clendenin $1,200 of a judgment which she then held against her husband. There was a conflict of testimony as to whether the assignment was intended to indemnify both sureties or only the one to whom it was made. Cornman and his wife both testified it was for the benefit of both sureties, but Clendenin swore that it was for the benefit of himself alone. The question of fact thus raised was submitted to the jury, and they found that the judgment was assigned for the benefit of Clendenin alone, to secure him against loss as indorser of the Cornman note. After the note was lifted, Clendenin demanded and received from the assigned estate of Cornman a dividend of $247.75, on the portion of the judgment assigned to him as above stated. This suit was then brought by Shaeffer, his co-surety, for half of that sum, and on the trial a verdict was taken for the amount claimed, subject to the opinion of the court on the question of law raised by the points presented by both parties. Judgment was afterward entered for the defendant non obstante veredicto; and thus arises the question involved in this contention.

The relation of co-sureties is one of mutual trust and confidence, and from it springs their liabilty to contribute equally to the payment of their principal's debt, as well as their right to equally participate in any indemnity that may be obtained from him, directly or indirectly, by either or all of them. The principal is equally bound to indemnify all his sureties alike, and each of them has an equal and just claim upon him for that purpose. In every point of view it would be grossly unjust and inequitable for one surety without the consent of the others to derive any exclusive benefit from the act of their principal in providing any kind of indemnity which he might and ought to have provided for the common benefit of all. This principle is clearly ruled in Agnew v. Bell, 4 Watts 31. It may well be, that where a stranger to the transaction, gratuitously and of his own accord, reimburses or indemnifies one of several sureties, the others have no equitable claim on the gratuity thus bestowed for his individual benefit without the aid or procurement of their principal; but that is not the case before us. Cornman proposed to obtain and did procure from his wife the security that was assigned to the defendant. If the latter had collected the dividend on the judgment before the note was paid he would have been bound to apply the amount so received to the note, and thus it would have inured to the benefit of both sureties. He was liable to his wife to the extent that the proceeds of her judgment were used in paying his debt. In the absence of anything to show that the portion of the judgment assigned was intended

as a mere gratuity, we cannot presume it was a gift.   On the contrary, the presumption is that he was accountable to her for so much at least of her security as, at his request, was applied to his use.   If Cornman had borrowed $247.75 from his wife, or from a stranger, to reimburse Clendenin for his loss, the transaction, in principle, would have been precisely the same. He satisfied part of his indebtedness to Clendenin, and at the same time incurred a corresponding liability to his wife.   Practically the indemnity in which plaintiff claims to participate was furnished to one of the sureties by their principal, and just to that extent was the ability of the latter to reimburse the other surety lessened.

The plaintiff was entitled to an unqualified affirmance of his point.

> Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff for one hundred and twenty-seven dollars and fifty-six cents, with interest from Oct. 6th 1881, the date of the verdict.